**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

UNITED STATES OF AMERICA

v.

HENRY SCOTT,

Defendant.

Case No. 2:18-cr-54

## OPINION & ORDER

Defendant Henry Scott filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). ECF No. 101. Because he fails to demonstrate extraordinary and compelling reasons to justify a change in his sentence and the sentencing factors weigh against him, the motion will be denied.

## I.   BACKGROUND

On June 14, 2018, the defendant pleaded guilty to distribution or possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count VI) and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count VII). ECF No. 13 at 1. On December 11, 2018, the Honorable Robert G. Doumar sentenced the defendant to 120 months on Count VI and 60 months on Count VII, to be served consecutively, for a total term of 180 months. ECF No. 38 at 2.

On April 3, 2024, the defendant filed a motion to appoint counsel and a motion to reduce sentence. ECF Nos. 73, 74. The Court appointed Attorney Trevor Robinson to represent the defendant, but Attorney Robinson said he was "unable to craft a

1

pleading based in both law and fact that would . . . advance [the] [d]efendant's position." ECF No. 87 at 1–2.

On August 11, 2025, the Court denied the defendant's motion on two grounds. ECF No. 100. First, the Court concluded that a policy shift reminding prosecutors that their goal is to ensure criminal sanctions are sufficient, but not greater than necessary, and to exercise caution when charging offenses that trigger mandatory minimums, does not constitute an extraordinary and compelling reason to modify a sentence. *Id.* at 8–9. Second, the Court determined that, under U.S.S.G. § 1B1.13(b)(6), a change in the law creating a gross disparity between the defendant's sentence and the sentence likely to be imposed when he filed his motion could not constitute an extraordinary and compelling reason to reduce his sentence, as the defendant had not yet met the 10-years-served requirement. *Id.* at 9–12.

However, the Court encouraged the defendant to re-file his motion after meeting the 10-years-served requirement because it determined there had been a change in the law resulting in a gross disparity in sentencing that "*may* warrant a sentence reduction" under U.S.S.G. § 1B1.13(b)(6). ECF No. 100 at 11–12 (emphasis in original).

On November 20, 2025, the defendant filed a subsequent letter motion for compassionate release. ECF No. 101. There, the defendant argues that a combination of factors taken together—including "[his] youth when the [prior] conduct occurred, the non-violent and victimless nature of the offense," his challenge to his § 924(c)(1)(A) conviction, his unusually long sentence, "the breakdowns in

communication with appointed counsel, and the acute family hardship [he] now face[s]"—constitutes an extraordinary and compelling reason to reduce his sentence. ECF No. 101 at 3.

## II.   LEGAL STANDARD

### A.   Exhaustion

Before the court may consider a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the defendant must exhaust their administrative rights to appeal the Bureau of Prisons' failure to bring a motion on the defendant's behalf. 18 U.S.C. § 3582(c)(1)(A). Alternatively, once 30 days have passed after the defendant requested relief from the warden of their facility, the defendant may file a motion with the court as though they had exhausted their administrative remedies. *Id.*; *see United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) (clarifying that defendants may satisfy the exhaustion requirement by waiting 30 days from the date of their initial request to file a motion in the district court, even if the warden has already responded to their request). The exhaustion requirement "is a non-jurisdictional claim-processing rule" and therefore "may be waived or forfeited." *Muhammad*, 16 F.4th. at 130.

### B.   Merits

A court may modify a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) if, after considering the sentencing factors in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." *United States v.*

*Hargrove*, 30 F.4th 189, 197–98 (4th Cir. 2022). The overarching purpose of the compassionate release mechanism guides district courts' consideration:

> When Congress authorized district courts, as a matter of discretion, to release an inmate from prison based on extraordinary and compelling reasons, it did so to introduce compassion as a factor in assessing ongoing terms of imprisonment, authorizing a district court to give greater weight to an inmate's personal circumstances — when sufficiently extraordinary and compelling — than to society's interests in the defendant's continued incarceration and the finality of judgments. Thus, motions for relief under § 3582(c)(1)(A)(i) ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other.

*Id.* at 197. Courts in this district have generally considered the defendant's arguments regarding extraordinary and compelling reasons for sentence reduction first, then balanced the outcome of that analysis against the sentencing factors in section 3553(a). *E.g.*, *United States v. Ogun*, No. 4:12-cr-4, 2023 WL 2207114, at *7 (E.D. Va. Feb. 24, 2023); *United States v. Nurani*, No. 2:11-cr-34, 2023 WL 2058649, at *3 (E.D. Va. Feb. 16, 2023).

### i.    *Extraordinary & Compelling Reasons*

The individual seeking a sentence reduction bears the burden of demonstrating extraordinary and compelling reasons for relief. *See Hargrove*, 30 F.4th at 195. The Sentencing Commission has promulgated a policy statement, U.S.S.G. § 1B1.13, which attempts to define what may constitute "extraordinary and compelling reasons." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020). The policy statement provides a non-exhaustive list of extraordinary and compelling reasons for reducing a sentence:

4

(1)    the medical circumstances of the defendant, U.S.S.G. § 1B1.13(b)(1);

(2)    the age of the defendant, U.S.S.G. § 1B1.13(b)(2);

(3)    family circumstances of the defendant, U.S.S.G. § 1B1.13(b)(3);

(4)    whether the defendant was a victim of abuse while incarcerated, U.S.S.G. § 1B1.13(b)(4);

(5)    "other reasons," U.S.S.G. § 1B1.13(b)(5); or

(6)    an unusually long sentence, if the defendant meets certain conditions, U.S.S.G. § 1B1.13(b)(6).

The policy statement recognizes incapacitation of a defendant's parent as an extraordinary and compelling reason "when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Additionally, the policy statement provides that paragraph (b)(5) can be satisfied by "any other circumstance or combination or circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

Some circuits previously determined that a gross disparity between a defendant's actual sentence and the sentence they would have likely received if they were sentenced at the time the motion is filed could constitute an extraordinary and compelling reason for a sentence reduction. *See e.g.*, *United States v. McCoy*, 981 F.3d 271, 284–88 (4th Cir. 2020); *United States v. Ruvalcaba*, 26 F.4th 14, 24–28 (1st Cir.

5

2022); *United States v. Chen*, 48 F.4th 1092, 1094–1101 (9th Cir. 2022); *United States v. McGee*, 992 F.3d 1035, 1045–48 (10th Cir. 2021).

The Sentencing Commission recognized this view and formally added paragraph (6) to its policy statement in 2023, with the added condition that the movant has served at least 10 years of their term of imprisonment. *Rutherford v. United States*, 146 S. Ct. 1320, 1328–29 (2026). However, in *Rutherford*, the Supreme Court adopted the majority view that a sentencing disparity "created by a nonretroactive change to sentencing law, like the [First Step] Act," cannot constitute an extraordinary and compelling reason. *Id.* at 1329, 1335. The Court explained that the Sentencing Commission exceeded its authority insofar as the policy statement allowed for consideration of nonretroactive changes to sentencing law. *Id.* at 1334. The *Rutherford* Court reasoned that disparities created by nonretroactive amendments to criminal penalties are the norm and thus definitionally do not satisfy the requirement for extraordinary and compelling reasons. *Id.* at 1330.

### ii.     18 U.S.C. § 3553(a) Factors

After completing the "extraordinary and compelling reasons" analysis, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Mumford*, 544 F. Supp. 3d 615, 617–20 (E.D. Va. June 21, 2021). Even if the Court finds extraordinary and compelling reasons to reduce a petitioner's sentence, it may ultimately deny a motion for compassionate release if its analysis of the § 3553(a) factors counsels against release. *Id.* at 618. Those factors are:

> (1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

6

(2)     the need for the sentence imposed—

    (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)     to afford adequate deterrence to criminal conduct;

    (C)     to protect the public from further crimes of the defendant; and

    (D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(3)     the kinds of sentences available;

(4)     the kinds of sentence and the sentencing range established [by the Sentencing Commission];

(5)     any pertinent policy statement [issued by the Sentencing Commission] [that is in effect on the date the defendant is sentenced except as provided in section 3742(g)];

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## III.   ANALYSIS

### A.     Extraordinary and Compelling Reasons

#### i.     *Sentence Length*

The defendant argues that he received an unusually long sentence, which constitutes an extraordinary and compelling reason to reduce his sentence. ECF No. 101 at 3. Because the First Step Act of 2018 changed what crimes count toward a

career offender designation, the defendant asserts he would not have received that designation if he had been sentenced just ten days later. ECF No. 74 at 13. Without the career offender designation, the defendant argues his sentencing guidelines range would have been much lower. *Id.* The defendant's guidelines range was 262–327 months, which was capped at 240 months, plus 60 months consecutive because of the statutory maximum. ECF No. 40 at 26–27. At sentencing, the defendant received 120 months plus 60 months consecutive. ECF No. 38 at 2. Today, without the career offender designation enhancement, his guidelines range would be 70–87 months plus 60 months consecutive. ECF No. 92 at 13.

Under U.S.S.G. § 1B1.13(b)(6), a defendant may demonstrate an extraordinary and compelling reason for a sentence reduction where a change in the law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed," provided that the defendant "has served at least 10 years of the term of imprisonment." U.S.S.G § 1B1.13(b)(6). The defendant was arrested on May 2, 2018, ECF No. 5, and he has remained in custody since then. In total, he has been in federal custody for approximately eight years and three months. Thus, he is ineligible for relief under this provision.

Additionally, *Rutherford* precludes a sentencing disparity produced by a nonretroactive sentencing amendment from constituting an extraordinary and compelling reason to grant a sentence reduction. 146 S. Ct. at 1335. While the defendant's sentence reflects a gross disparity between the term being served and the sentence likely to be imposed at the time his motion was filed resulting from changes

made by the First Step Act, the binding precedent of the Supreme Court prevents this Court from granting the defendant relief, even after he meets the time-served requirement. *Rutherford* has altered the legal landscape such that the avenue for relief identified in the Court's last decision, ECF No. 100, is no longer available. So the Court must deny the defendant's motion.

Under U.S.S.G § 1B1.13(b)(5), a defendant may submit "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Considering the defendant's unusually long sentence under § 1B1.13(b)(5), the circumstances still do not constitute an extraordinary and compelling reason. Because *Rutherford* precludes gross sentencing disparities created by nonretroactive sentencing amendments from constituting an extraordinary and compelling reason, an unusually long sentence like the defendant's cannot be similar in gravity to the other reasons listed in § 1B1.13(b). *See United States v. Price*, No. 7:14-cr-78-2, slip op. at \*4 (E.D.N.C. Jun. 29, 2026). "Section 1B1.13(b)(5) cannot make extraordinary and compelling what the Supreme Court has held is an unexceptional feature of a system in which nonretroactivity is the default." *Id.* (quotation marks omitted) (citing *Rutherford*, 146 S. Ct. at 1330). The defendant's sentence length cannot constitute an extraordinary and compelling reason. Thus, the motion is denied on this ground.

### ii.   *Family Hardship*

The defendant asserts that his mother is battling pancreatic cancer and argues the "acute family hardship" he faces constitutes an extraordinary and compelling reason to reduce his sentence under U.S.S.G. § 1B1.13(b)(3)(C). ECF No. 101 at 2–3.[1] Unfortunately, this argument is now moot. The defendant's mother passed away on February 24, 2026, after which the defendant wrote to the Court requesting furlough to attend her funeral. ECF No. 102 at 1. The Court received the defendant's letter on March 4, 2026. *Id.* The Court responded with a letter on March 5, 2026, expressing its deepest sympathies to the defendant and explaining that it lacks the authority to grant his furlough request. ECF No. 103. In light of his mother's passing, the defendant's current family circumstances do not constitute an extraordinary and compelling reason to grant relief. Thus, the defendant's motion is denied on this ground.

### iii.   *Combined "Other Reasons"*

The defendant argues that the factors he presents in his motion, taken together, constitute an extraordinary and compelling reason to reduce his sentence.

---

[1] A defendant's family circumstances may constitute an extraordinary and compelling reason when the defendant would be the only available caregiver for his incapacitated parent. U.S.S.G. § 1B1.13(b)(3)(C). The defendant provided the Court with no information regarding his mother's care or, more critically, whether he is the only available caregiver for his mother. A defendant's desire to "car[e] for a parent [alone] is not enough to constitute an extraordinary and compelling circumstance for early release." *United States v. Davis*, No. 3:11-cr-80, 2022 WL 3581391, at *5 (E.D. Va. Aug. 19, 2022). Because the defendant fails to prove his mother has no other possible caregivers, the defendant's family circumstances do not constitute an extraordinary and compelling reason to reduce his sentence. Thus, his motion is denied on that ground.

ECF No. 101 at 3. These factors include "[his] youth when the [prior] conduct occurred, the non-violent and victimless nature of the offense," his challenge to his § 924(c)(1)(A) conviction, the length of his sentence, "the breakdowns in communication with appointed counsel, and the acute family hardship [he] now face[s]." *Id.* This Court considered whether all the circumstances the defendant presents, taken in the aggregate, constitute an extraordinary and compelling reason, and finds that they do not.

While there are no "precise boundaries of the phrase 'extraordinary and compelling,'" it can be plainly understood as an "especially unusual and convincing" circumstance. *Rutherford*, 146 S. Ct. at 1330, 1335. Circumstances presented under paragraph five of § 1B1.13(b) must be similar in gravity to those described in paragraphs one through four. So the defendant's circumstances, in the aggregate, must be especially unusual and convincing to warrant relief. They are not. The defendant presents no particularly exceptional circumstances that were unforeseen or unconsidered at his initial sentencing.

The defendant's age does not support finding an extraordinary and compelling reason for relief. It is true the defendant was only 20 when he was convicted of the first of the two predicate offenses that underpin the career offender enhancement. ECF No. 40 at 2, 11. But he was in his 50s when he was convicted of the crime for which he is serving his current sentence. Moreover, Judge Doumar knew about the defendant's youth at the time of his first offense when the original sentence was

11

issued, so the defendant's age does not support a reduction in the sentence Judge Doumar pronounced.

Additionally, Judge Doumar already considered the nature of the offense in the initial § 3553(a) analysis before his sentencing hearing. ECF No. 40 at 7. Nothing about the nature of the offense is particularly unusual, and the defendant provided no new information regarding the offense that was not considered before. So the nature of the offense does not support the requested relief here.

The defendant also asserts that his "acute family hardship" supports establishing an extraordinary and compelling reason. As discussed above, this argument is now moot. *See Family Hardship Discussion, III.A.ii., supra.* While the Court expresses its deepest sympathies to the defendant and his family, losing a relative during a period of incarceration is not an especially unusual or convincing circumstance. So the defendant's family circumstances do not contribute to an extraordinary and compelling reason for relief in this case.

And as it relates to the length of his sentence, as discussed above, the Court determined this factor is insufficient to establish an extraordinary and compelling reason. *See Sentence Length discussion, III.A.i., supra.* Considering the defendant's sentence length with the other factors fails to increase the gravity of the circumstance because none of the reasons are persuasive. Thus, the length of the defendant's sentence does not support relief here.

Finally, the defendant's remaining circumstances—his challenge to his § 924(c)(1)(A) conviction and the breakdown in communication between himself and

12

his counsel—are similarly insufficient to establish an extraordinary and compelling reason for sentence reduction.[2] These arguments fail to demonstrate how the defendant's circumstances may be especially unusual and convincing, and do not push the needle toward a finding of extraordinary and compelling reasons for relief.

Overall, the defendant submits a series of circumstances to the Court that incarcerated people often face. While the Court is sympathetic to some of the defendant's circumstances, the sum of those circumstances is not especially unusual and convincing. Thus, the Court does not find that those circumstances, cumulatively, constitute an extraordinary and compelling reason for a reduction in the defendant's sentence.

## B.    18 U.S.C. § 3553(a) Analysis

Furthermore, an analysis of the § 3553(a) factors does not support reducing the defendant's sentence. Though some of the § 3553(a) factors weigh in the defendant's favor, the remaining factors tip the scale against him.

First, the defendant argues his criminal history and sentencing guidelines range is overstated, given the change in law created by the First Step Act of 2018. ECF No. 74 at 34. This is true. Because the First Step Act changed the requirement for the career offender enhancement, the defendant would not be eligible for that

---

[2] These two arguments are more appropriately construed as collateral attacks under 28 U.S.C. § 2255. *See United States v. Fernandez,* 146 S. Ct. 1292, 1302 (2026). However, the defendant's claims would likely fail because federal habeas petitions must be filed within one year of a detainee's final judgement. 28 U.S.C.A. § 2244(d)(1)(A). The defendant's conviction became final when he was sentenced on December 11, 2018. ECF No. 38 at 1. So the defendant's habeas claims would likely be dismissed on that ground.

enhancement today. *See* Pub. L. 115-391 § 401(a), 132 Stat. 5194, 5220 (amending 21 U.S.C. § 802(57)) (2018)); ECF No. 40 at 8. Without the career offender enhancement, the defendant's guidelines range would be 70–87 months plus 60 months consecutive. ECF No. 100 at 11–12. However, even if the defendant received a sentence at the bottom of that guidelines range, his sentence would still be a total of 130 months— and he has only served approximately 75%, or 98 months, of that term. Though the defendant would receive a lower guidelines range if sentenced today, on balance his criminal history and advisory sentencing guidelines range do not weigh in favor of release.

Second, the nature and circumstances of the offense do not support reducing the defendant's sentence. The defendant's conduct is unquestionably serious. After the defendant confessed to distributing heroin, law enforcement officers searched his residence and vehicle, discovering various amounts of heroin, morphine, and marijuana, as well as a firearm. ECF No. 40 at 4–5. Additionally, this is the defendant's third offense of this nature. *Id.* at 10–17. This conduct weighs against reducing the defendant's sentence. Considering the nature and circumstances of the offense, the § 3553(a)(2)(A)–(C) factors, particularly the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to afford adequate deterrence to criminal conduct,[3] similarly weigh against the defendant's release.

---

[3] While incarcerated, the defendant received multiple sanctions for possession of a hazardous tool. ECF No. 92-1 at 3. That signals that early release would likely not afford adequate deterrence to criminal conduct.

Third, the defendant asserts he was transferred from FCI Hazelton, a medium security prison, to FCI Loretto, a low security facility. ECF No. 74 at 35. The defendant argues his transfer indicates that he poses a reduced risk of danger to the public. *Id.* at 36. He also argues his participation in programs at the new facility similarly demonstrates this reduced risk, noting that his Program Review deemed him a low risk for recidivism. *Id.*; ECF No. 74-1 at 10. While the Court encourages every incarcerated individual to take advantage of programing opportunities, not everyone does. As such, the defendant should be commended for doing so, and the § 3553(a)(2)(D) factor, to provide the defendant with needed educational or vocational training or other treatments, weighs in the defendant's favor.

Finally, the remaining factors, the need to avoid unwarranted sentence disparities and to provide restitution to any victims of the offense, similarly weigh in the defendant's favor. 18 U.S.C. § 3553(a)(7). As discussed above, if sentenced today, the defendant's guidelines range would be substantially lower than the range and sentence the defendant actually received, creating a disparity. Additionally, while the defendant's offense is serious, it was nonviolent and victimless. Both factors weigh in the defendant's favor. However, the vast majority of the § 3553(a) factors weigh against the defendant's release. Thus, the defendant's motion is denied.

## IV. CONCLUSION

The Court finds that Defendant Henry Scott has not met his burden to show extraordinary and compelling reasons for a reduction in his sentence and that the sentencing guidelines under 18 U.S.C. § 3553(a) weigh against granting relief.

Accordingly, the motion for a sentence reduction (ECF No. 101) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the defendant.

**IT IS SO ORDERED.**

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
August 12, 2026

16